IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN L. BUNGARD, ) | |
| ) | |
| Plaintiff, ) | 2:24-cv-01292-CB |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion for Summary Judgment (Doc. 11) will be granted, and Plaintiff's Motion (Doc. 9) denied.

Plaintiff alleges disability beginning February 7, 2021. Doc. 7-2 at ECF-header pg. 18 of 72. His date-last-insured was March 31, 2021. *Id.* To prevail, Plaintiff must show that the Commissioner's determination of non-disability lacked the support of substantial evidence. He has not done so.

The ALJ found that Plaintiff suffered the severe impairments of degenerative disc disease, lumbar radiculopathy and obesity. *Id.* at 20. The ALJ determined, however, that these conditions did not preclude work at the "light" exertional level, subject to additional limitations. *Id.* at 24. The vocational expert ("VE") testified that an individual with such limitations could perform jobs existing in significant numbers in the national economy. The ALJ found – at step five of the sequential analysis – that Plaintiff was not disabled on or before March 31, 2021. *Id.* at 33.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor lacking the support of substantial evidence. The Court, then, will limit its discussions to Plaintiff's specific challenges.

First, he complains that limitations reflected in his treating sources' records were not credited, and that the ALJ did not provide adequate explanations for rejecting them. Doc. 10 at 8-10. Not so.

Plaintiff primarily focuses on his use of a cane, claiming it was "medically necessary." *Id.* As the ALJ explained, however, the term "medical necessity" does not mean, in a general or lay-sense. Medical documentation must establish the need and describe the circumstances of necessity. *See* Doc. 7-2 at 30 of 72. Plaintiff's self-reports, as reflected in the narrative sections of treating source records, were no substitute. Counsel points to no evidence establishing a medical need, properly defined.

In this and all of his other arguments, moreover, counsel neglects to address the relevant timeframe for the disability inquiry – March 2021. The ALJ noted the absence of documentation establishing a medical need "during the relevant period." *Id.* at 30. For most of Plaintiff's arguments, this deficiency – alone – warrants their rejection.

Regarding the cane, and many of the other limitations reported by Plaintiff, the ALJ explained why she did not credit them. His reports were consistent with his medically demonstrable impairments, but the scope, intensity and persistence of his symptoms were not. Those findings enjoyed the supported of substantial evidence, and Plaintiff's objections are unconvincing.

His corollary attack on the ALJ's residual functional capacity ("RFC") evaluations likewise fails. The ALJ was not required to incorporate into Plaintiff's RFC claimed limitations that well exceeded his demonstrable impairments in scope and intensity.

Finally, Plaintiff challenges reliance on the VE, claiming that the ALJ's exclusion of certain limitations undermined her occupational determinations. Doc. 10 at 13-15. Counsel highlights two job categories – toy stuffer and table worker – and asserts that, accounting for Plaintiff's limitations, only 7,000 such positions exist in the national economy, combined. *Id.* at 14.

As the government highlights, those job positions were not discussed in the administrative record. The source of Plaintiff counsel's figures is unknown – nor is it clear which alleged limitations counsel applied to arrive at the numbers. None of this matters, though, because the arguments are repackaged versions of the same theme: the ALJ should have credited all of Plaintiff's assertions regarding his limitations.

The ALJ explained why she did not, and her determinations were supported by substantial evidence. Plaintiff's arguments to the contrary are unconvincing, and the Court enters the following:

## II. ORDER

The Commissioner's finding of non-disability is **AFFIRMED**; Defendant's Motion for Summary Judgment (**Doc. 11**) is **GRANTED**; and Plaintiff's Motion (**Doc. 9**) is **DENIED**.

IT IS SO ORDERED.


September 30, 2025                                       s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record